IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEDRICK SPIDELL, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| FLEETWOOD METAL | ) |
| INDUSTRIES, LLC, | ) |
| | ) |
| Defendant(s). | ) |

## COMPLAINT

## JURISDICTION

1.      This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

3.      Plaintiff, Dedrick Spidell, ("Plaintiff" or "Spidell") is a resident of Sylacauga, Talladega County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Eastern Division.

4. Defendant, Fleetwood Metal Industries, LLC, ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

5. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

## FACTS

6. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

7. Plaintiff began his employment with Defendant on or about July 11, 2018, as a Custodian/Engineer.

8. Defendant provided the materials necessary to perform Plaintiff's job.

9. Plaintiff performed his work as a maintenance person/engineer in Defendant's plant.

10. Defendant communicated instructions for Plaintiff's work to Defendant's onsite manager, who conveyed those instructions without changing them.

11. Defendant terminated Plaintiff's employment on or about August 17, 2018.

12. During the time that Plaintiff worked for Defendant, he did not receive any written discipline.

13. Spidell was never late to work during the time that he worked for Defendant.

14. Spidell performed his job in a satisfactory or better manner for the entire time that he worked for Defendant.

15. After Spidell began working there, he witnessed a Fleetwood supervisor named Barry Marbury engaging in sexually harassing behavior.

16. Marbury was following a co-worker, Chiquia Ware, around the plant and making inappropriate and lewd gestures.

17. Before Spidell began working there, Ware had complained to the onsite manager from the temporary agency, Pinnacle Staffing, about Marbury's behavior.

18. When Plaintiff noticed Marbury's behavior, he told Ware that if she went to Human Resources and reported the sexual harassment, he would give a statement on her behalf.

19. On or about July 31, 2018, Ware called Pinnacle's representative, Emily (LNU), and reported the harassment.

20. Ware's employment was terminated a day or so after she reported the harassing conduct.

21. When Ware reported the sexual harassment, she gave Spidell's name as a witness to the behavior.

22. A week or so after Ware's complaint, the company received notification from Pinnacle about Ware's complaint and Plaintiff's role as a witness in the complaint.

23. After that, the company began to treat Spidell differently.

24. On one occasion, the manager, Alberta (LNU) followed Plaintiff around the plant for about five hours.

25. Before the complaint, no manager followed Spidell around in that manner.

26. On or about August 13, 2018, a co-worker told Spidell that Marbury had announced to the staff that Plaintiff had been fired.

27. Plaintiff had not been fired as of yet.

28. Spidell worked the rest of the shift.

29. On Friday, August 17, 2018, Plaintiff noticed that his paycheck did not include all of the overtime that he was due to be paid.

30. Spidell called Fashonda, the manager, and asked her to look into why he had not been paid the overtime due.

31. Fashonda said she would look into the overtime shortage.

32. A few hours later, Fashonda called Plaintiff back and told him he was laid off.

33. The next Monday, a new employee began working in the maintenance department doing the same job Plaintiff did.

34. The employee who replaced Spidell had not agreed to participate in the investigation of another employee's complaints of discrimination or harassment.

## COUNT ONE TITLE VII RETALIATION - PARTICIPATION

35. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

36. Plaintiff was qualified for his position and able to perform the essential functions of the job.

37. On or about July 31, 2018, Plaintiff engaged in protected activity, when he reported that he would assist a co-worker by being a witness in her complaint of sexual harassment to Human Resources.

38. On or about August 17, 2018, Defendant terminated Plaintiff's employment.

39. Plaintiff was replaced by an employee who had not agreed to be a witness in another person's complaint of discrimination or harassment.

40. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Custodian/Engineer.

41. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

42. Because of Defendant's violation of Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**COUNT TWO TITLE VII RETALIATION – OPPOSITION**

43. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

44. Plaintiff was qualified for his position and able to perform the essential functions of the job.

45. On or about July 31, 2018, Plaintiff engaged in protected activity, when he reported that he would assist a co-worker by being a witness in her complaint of sexual harassment to Human Resources.

46. On or about August 17, 2018, Defendant terminated Plaintiff's employment.

47. Plaintiff was replaced by an employee who had not agreed to be a witness in another person's complaint of discrimination.

48. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a Custodian/Engineer.

49. Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

50. Because of Defendant's violation of Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

A. **WHEREFORE,** Plaintiff respectfully prays for the following relief;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D. Award back pay, lost employment benefits, front pay, liquidated damages, compensatory damages, special damages, punitive damages, nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G.  Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**


_____
Kira Fonteneau

_____
Felicia T. Long

OF COUNSEL:

The Fonteneau Firm LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005 F: 205.564.9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

Fleetwood Metal Industries, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104